Eastern Dist.
*January* 1829

*MILLAUDON* vs. *PERCY'S SYNDIC.*

An appeal from a judgment of partition, where the property is in the actual possession of the appellee, is suspensive, altho' security was only given for costs.

**MARTIN J.** delivered the opinion of the court. This case was remanded from this court in April 1827. *Vol. 5, 551.*

On the return of it in the district court the plaintiff filed a petition, stating that the property, the division of which through a sale, had been decreed by the judgment appealed from, had been legally sold, and nothing now remained but payment of the defendant's share which was in court. The defendant's syndic he having failed, denies that a legal sale had taken place. The court considered it had, and gave judgment accordingly. The syndic appealed.

The record shews the defendant gave security for costs only, on his appeal here, the plaintiff contends it was not suspensive. The syndic urges it was suspensive, notwithstanding security was given for no more than costs. So the question is on the character of the appeal.

Every timely appeal is suspensive unless security be not given for the performance of the judgment, in a case on which it is required. *Code of prac. 575.*

It is not contended that the appeal was un-timely, but it is averred that the judgment decreeing the *delivery* of slaves and real property; security was required. *id.* **576, 577.**

Eastern Dist
*January* 1829

MILLAUDON
*vs.*
PERCY's
SYNDIC.

The judgment directs the plantation and slaves held in common by the parties to be sold in order to effect a partition by a division of the premises.

The plaintiff contends that this is a judgment decreeing a *delivery,* because the sale cannot take place unless the things to be sold, be delivered.

The appellees urge that the code of practice speaks only of judgments decreeing the delivery of slaves or land unjustly withheld—that in the present case the plantation and slaves appear by the record to be in the actual possession of the plaintiff.

Admitting that the decree be for the *delivery* of the plantation and slaves, it secures such a delivery by the party being in possession and he cannot expect security for the performance of an act to be performed by himself. It is true, death may lessen the number of the slaves, and the Mississippi carry off a part of the plantation—children may be born and the river may add a batture to the plantation; some

Eastern Dist.
*January* 1829

MILLAUDON
*vs.*
PERCY'S
SYNDICS.

kind of property is liable to increase or diminish in value, but the law requires an appellant to give security that he will perform as much of a judgment as he is directed to perform, and for nothing else.

We conclude that the district court erred in considering the appeal as devolutive only, and the sale legal.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed and the case remanded for further proceedings, the plaintiff and appellee paying costs in the courts.

*Seghers* for the plaintiff—*Davis* for the defendant.

---

When communication is made to a party months before trial, that a document will be introduced & relied on in defence,—he cannot object that he was sur rised by its introduction.